1
2
3
4
5
6
7

8      IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10      SAN JOSE DIVISION

11

12   UNITED STATES OF AMERICA,         Case No. CR-86-20083-RMW

13          Plaintiff,                 ORDER REINSTATING THE OCTOBER 17,
                                        2001 RESTITUTION ORDER
14      v.
                                        **[Re Docket Nos. 113 and 114]**
15   RONALD JOHN GIANELLI,

16          Defendant.

17

18          The Ninth Circuit vacated this court's October 17, 2001 order establishing a monthly

19   payment plan for the satisfaction of the unpaid balance of a restitution order imposed in 1987 and

20   remanded  the case "so that the district court may specify the statutory basis upon which it relied to

21   order restitution." *United States v. Gianelli*, 55 Fed. Appx. 831, 832 (9th Cir. 2003).  The court has

22   reviewed the briefs submitted by the parties including supplemental briefs requested by the court on

23   the question of whether the statute of limitations under California Code of Civil Procedure §

24   683.020 ("CCP § 683.020") bars enforcement of the order and heard oral argument.  For the reasons

25   set forth below, the court reinstates the October 17, 2001 restitution order.[1]

26   _____

27          [1]During the pendency of this remand, specifically on December 27, 2004, the United States
     received payment of $80,901.88 from the escrow of the sale of real property owned by defendant on
28   which the government had recorded liens.  The parties have stipulated that if the court finds that the

# I. BACKGROUND

Defendant Robert Gianelli was charged with twenty-four counts alleging criminal offenses arising out of an alleged kickback scheme designed to defraud FMC Corporation, a supplier of equipment and services to the Department of Defense. After plea negotiations, defendant pled guilty to one count of using a U.S. Postal depository to mail a purchase order for the purpose of executing the scheme. In exchange for pleading guilty to this count, the United States dropped all other charges.

On May 13, 1987 the district judge sentenced defendant to five years of custody with all but six months suspended. Defendant was placed on probation for the suspended four and a half years (subject to release from probation "when found to be appropriate") and ordered to pay $125,000 in restitution. However, the district judge did not expressly state in his Judgment and Probation Order ("1987 Restitution Order") whether he relied on the Federal Probation Act ("FPA")[2] or the Victim and Witness Protection Act ("VWPA")[3] as the statutory basis for the restitution award. During his four and a half years of probation, defendant consistently paid $100 per month toward the satisfaction of the restitution award. When defendant's probation ended in 1991, he continued to make monthly payments of $100 "for years after his probation terminated[.]" Chang Decl., ¶ 10. Nevertheless, in 2001 the United States sought a writ of execution which defendant moved to quash. On October 17, 2001 the district judge, rather than issue the writ, established a monthly payment plan to satisfy the unpaid restitution ("2001 Installment Order" or "October 17, 2001 restitution order"). Defendant appealed the 2001 Installment Order which the Ninth Circuit vacated and remanded to this court. The district judge who issued the 1987 Restitution Order and the 2001 Installment Order has retired and is unavailable to hear this matter. Therefore, it was reassigned to the undersigned.

/ / /

---

restitution order is not time-barred by either the FPA or CCP § 683.020, these funds will be applied to and fully satisfy defendant's restitution debt, absent a contrary order from the court of appeals.

[2]18 U.S.C. § 3651 (repealed 1987).

[3]18 U.S.C. §§ 3663, 3664.

ORDER REINSTATING THE OCTOBER 17, 2001 RESTITUTION ORDER
CR-86-20083 RMW

1
## II. ANALYSIS

2
### A.        Statutory Bases for Restitution

3        The task before this court is to determine whether the district judge's 1987 Restitution Order

4 relied on the FPA or the VWPA.  The task is made more difficult because the transcript of the

5 sentencing hearing is not available.

6
### B.        Presumption of Reliance on the VWPA

7        The government submits that when a district court has not clearly indicated whether

8 restitution is based on the FPA or the VWPA courts reviewing the grant of restitution generally

9 presume the district court relied on the VWPA.  Several circuits follow this rule, holding that "unless

10 a clear intention appears to the contrary, we will assume restitution orders are made pursuant to the

11 broader provisions of the VWPA."  *United States v. Chaney*, 964 F.2d 437, 451 (5th Cir. 1992);

12 *United States v. Cook*, 952 F.2d 1262, 1264 (10th Cir. 1991); *United States v. Padgett*, 892 F.2d

13 445, 448 (6th Cir. 1989); *see also United States v. Kress*, 944 F.2d 155, 158 (3d Cir. 1991) ("Where

14 the district court fails to specify whether the FPA or the VWPA authorized its actions, the general

15 rule is that the VWPA controls."); *United States v. Ferrera*, 746 F.2d 908, 914 (1st Cir. 1984)

16 ("[W]e foresee little or no resort to [the FPA] in the future, it having been effectively superceded in

17 most cases by the broader restitution provision of the Victim and Witness Protection Act of

18 1982[.]").  Although the Ninth Circuit has not expressly adopted this presumption, such a

19 presumption is supported by sound logic.

20        Under the FPA a court could only grant restitution if it were made a condition of probation.

21 18 U.S.C. § 3651 (repealed 1987).  In contrast, the VWPA does not limit the payment of restitution

22 to the period of probation.  "[T]he court, when sentencing defendant convicted of an offense . . . may

23 order . . . that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a).

24 The VWPA, therefore, gives the court more flexibility in fashioning a sentence that can balance the

25 need for supervision with the need to compensate victims.  *See Padgett*, 892 F.2d at 448; *Ferrera*,

26 746 F.2d at 914.  The VWPA appears to reflect an interest in seeing victims fully compensated as it

27 requires a judge who orders only partial or no restitution to state his or her reasons for doing so.  18

28 U.S.C. § 3579(a)(2).  This public policy concern is further indicated by the fact that the FPA was

1   repealed effective November 1, 1987.  *See Padgett*, 892 F.2d at 448.  The VWPA, however, has

2   continued in effect since the repeal of the FPA, and was even amended by Congress in 1990.  *United*

3   *States v. Grice*, 319 F.3d 1174, 1177 (9th Cir. 2003).  Thus, it appears that the VWPA sets forth a

4   preferred approach to restitution.

5           **C.       The Statutory Basis of 1987 Restitution Order**

6           Several reasons suggest that the district judge relied on the VWPA in imposing restitution in

7   his 1987 Restitution Order.  First, as discussed above, other circuits presume an award under the

8   VWPA.  Second, the Judgment and Probation Order issued May 14, 1987 does not appear to make

9   restitution a condition of probation.  It provides:

10          Five (5) years and all but Six (6) months is suspended, and the defendant is placed on
            probation for the remaining time and is to be released from probation when found to be
11          appropriate.  The defendant is to make restitution in the amount of $125,000.00.

12  Judgment and Probation Order.  Since under the FPA restitution could only be granted as a condition

13  of probation, the lack of a clear expression that restitution was a condition of probation suggests the

14  award was made under VWPA.  *See* 18 U.S.C. § 3651 (repealed 1987); *United States v. Snider*, 957

15  F.2d 703, 706 (9th Cir. 1992) ("Because the district court did not even grant Snider probation, let

16  alone condition his probation upon the payment of restitution, it follows that the FPA does not

17  authorize the court's order."); *United States v. Angelica*, 859 F.2d 1390, 1393 (9th Cir. 1988)

18  ("Because the district court ordered immediate restitution apart from Angelica's probation, we

19  review the order as one authorized by the VWPA.").[4]

20          The district judge also appears to have been relying on the VWPA because on two separate

21  occasions he approved post-probationary payments of restitution.  On October 17, 1991 he allowed

22  defendant's probation to expire but continued his obligation to pay restitution after expiration.  On

23  September 19, 2001 when he considered defendant's request to quash a writ of execution, he

24  continued defendant's obligation to pay his restitution.  Since defendant's probation ended in 1991,

25  and since the FPA did not authorize restitution payments after probation ended, the actions by the

26  district judge suggest that he was relying on the VWPA.  One assumes the district judge knows the

27  _____

28          [4]The lack of a transcript, of course, precludes a review of what the court actually stated at
    sentencing.

ORDER REINSTATING THE OCTOBER 17, 2001 RESTITUTION ORDER
CR-86-20083 RMW

1   law and applies it correctly.  *United States v. Cervantes-Valenzuela*, 931 F.2d 27, 29 (9th Cir. 1991).

2   Further, it does not follow logically that the court in October 1991 would order monthly installments

3   on a significant restitution balance if the monthly installment plan would immediately expire.

4   The defendant's argument that restitution was ordered under the FPA is not as persuasive as

5   the government's contention that it was ordered pursuant to the VWPA.  Defendant argues that there

6   was no determination of defendant's ability to pay a $125,000 restitution order.  Since the VWPA

7   requires a determination of defendant's ability to pay restitution before it can be ordered, defendant

8   claims that the district judge must not have relied on the VWPA.  However, the Ninth Circuit has

9   consistently held that a district court need not make express findings regarding a defendant's ability

10  to pay restitution.  *United States v. Baggett*, 125 F.3d 1319, 1323 (9th Cir. 1997) ("[T]he [district]

11  court need not make express findings of fact about appellants' financial condition[.]"); *United States

12  v. Sablan*, 92 F.3d 865, 871 (9th Cir. 1996) ("[T]he district court is not required to make findings of

13  fact regarding the defendant's financial condition[.]").  All that is required is that the "record must

14  reflect that the district court had at its disposal information relating to [appellants'] financial

15  condition" and that "the district court considered [appellants'] financial condition."  *Baggett*, 125

16  F.3d at 1323-24.

17  In the present case, the district judge did have access to information relating to defendant's

18  financial condition.  The eighth page of the Presentence Report outlined defendant's financial

19  condition, showing monthly income that slightly exceeded monthly expenditures and a net worth of

20  $217,000.  Normally, however, some indication that the district court judge examined the

21  presentence report is required.  *United States v. English*, 92 F.3d 909, 917 (9th Cir. 1995)

22  ("Moreover, the Presentence Report, which the court indicated it had 'read, reviewed, and

23  considered,' contained information regarding English's future ability to pay."); *United States v.

24  Bachsian*, 4 F.3d 796, 800 (9th Cir. 1993) ("Here, the record reflects that the district court

25  considered the presentence report in deciding whether to order restitution.  Moreover, the

26  presentence report contained information regarding the defendant's financial condition and future

27  ability to pay."); *United States v. Cannizzaro*, 871 F.2d 809, 812 (9th Cir. 1989) ("The district court

28  made specific reference to [the presentence] report's findings during Cannizzaro's sentencing

ORDER REINSTATING THE OCTOBER 17, 2001 RESTITUTION ORDER
CR-86-20083 RMW

1  hearing.  This provides sufficient basis for concluding that the district court discharged its

2  responsibilities under [the VWPA].").  Here, however, since the transcript from the sentencing

3  hearing is unavailable, there is no available confirmation that the district judge examined the

4  Presentence Report.  Nevertheless, it appears very likely that the district judge would have relied on

5  the financial information in the report.  Since the district judge ordered restitution and was provided

6  financial information, it is difficult to believe he did not consider the information in exercising his

7  sentencing authority.  *See* Fed. R. Crim. P. 32; *see also Sablan*, 92 F.3d at 871 (suggesting that mere

8  access to a defendant's financial condition in a PSR provides a sufficient record).

9       The defendant correctly points out that a letter from defendant's probation officer to the

10  district judge characterized the restitution as a "condition of probation."[5]  Sullivan Decl., Ex. D.  In

11  the letter the probation officer proposed that defendant's probation be allowed to expire and that

12  defendant continue to pay restitution.  The judge approved of this plan.  Defendant argues that by

13  endorsing a letter characterizing restitution as a "condition of probation," the district judge implicitly

14  indicated that he relied on the FPA.  However, when the district judge endorsed the probation

15  officer's letter, he did not say that he was relying on the FPA as the statutory basis for his grant of

16  restitution—he was merely approving the termination of probation and the continued payment of

17  restitution.  Defendant cannot fairly conclude that because the probation officer characterized the

18  restitution as a "condition of probation," that the judge ordered it as a condition of probation.

19       **D.    Government's Actual Losses**

20       Defendant argues that if this court finds that the VWPA applies then it should also determine

21  whether the $125,000 restitution was based on the government's actual losses.  The scope of the

22  Ninth Circuit's remand does not include the determination of the actual loss.  That determination,

23  therefore, is not a remanded issue.  Further, it appears that defendant has previously waived or

24  defaulted on this question.  It is true that a district court relying on the VWPA must make a finding

25  of the amount of the actual loss. *See Grice*, 319 F.3d at 1176 (quoting *Hughey v. United States*, 495

26  _____

27       [5] When restitution is a "condition of probation" the FPA is the statutory basis for the grant of
   restitution.  *United States v. Duvall*, 926 F.2d 875, 876 (9th Cir. 1991) ("Orders of restitution made as
28  a special condition of probation may only be made under 18 U.S.C. § 3651 [of the FPA].")

ORDER REINSTATING THE OCTOBER 17, 2001 RESTITUTION ORDER
CR-86-20083 RMW

U.S. 411, 413 (1990)); *United States v. Barany*, 884 F.2d 1255, 1261 (9th Cir. 1989) ("[T]he VWPA require[s] a sentencing court to establish the losses resulting from defendant's conduct as a basis for ordering appropriate restitution."). Here, without a transcript, it cannot be established whether the district judge based restitution on actual losses. The Presentence Report does say that "[t]here is no way to determine specific monetary losses as a result of this offense." PSR at 2; *see* PSR at 10. Consequently, there is some evidence that the district judge may not have based his restitution award on the government's actual losses.

Nevertheless, if defendant had wanted to challenge the award of restitution because the dollar amount was not tied to the government's actual losses, he had prior opportunity to do so, and, for whatever reason, chose not do so. The original restitution award was made in 1987 and it was modified in 1991. On neither occasion did defendant appeal the amount of the award. Defendant has waived any argument that the amount of restitution was not tied to the amount of the government's actual losses.

### E.    No Statute of Limitations on Enforcement

Defendant argues that if restitution was ordered under the VWPA, the time period for enforcement has expired. As a preliminary matter both sides argue that the law of the case precludes this court from addressing any statute of limitations issue. The government contends that the statute of limitations issue was decided against defendant before his appeal to the Ninth Circuit, the issue was argued before the Ninth Circuit and the scope of the remand order did not authorize consideration of the statute of limitations question. The remand order, contends the government, only authorized this court to reinstate its October 17, 2001 restitution order if it determined that the VWPA was the statutory basis for the order.

Defendant, on the other hand, contends that the magistrate judge's August 29, 2001 report and recommendation adopted by the district judge on September 19, 2002, found that CCP § 683.020 set forth a 10-year limitation on collection at the time of defendant's offense but it had been superceded by the implementation of the 20-year limitation authorized by way of 18 U.S.C. §§ 3664(m)(1)(A)(i), 3613(b) and (f). Therefore, defendant contends that since the parties agree that the magistrate judge overlooked the fact that the 20-year limit only applied to offenses committed

after the date of defendant's offense, the magistrate judge's determination that CCP § 683.020 applied at the time of defendant's offense is the law of the case.

The court does not agree with either party with respect to the law of the case. The court of appeals expressly stated in a footnote: "[w]e express no opinion, however, on the merits of Gianelli's contention that the Federal Debt Collection Procedures Act., 28 U.S.C. § 3203, established a ten year limitations period to the government's ability to enforce the restitution order." *Gianelli*, 55 Fed. Appx. at 832. It seems logical that the court of appeals, despite the limiting language of the order of remand, intended this court to reach the statute of limitations issue if it determined that the VWPA applied.

The statute implementing the VWPA at the time of defendant's offense was 18 U.S.C. § 3579 which provided no time limit for enforcement but stated that an order of restitution "may be enforced . . . in the same manner as a judgment in a civil action." Based upon that provision defendant contends that Rule 69(a) of the Federal Rules of Civil Procedure applies which says that the process to enforce a judgment for the payment of money is a writ of execution in accordance with state law. CCP § 683.020 places a 10-year limitation on the enforcement of judgments unless they are renewed. Therefore, defendant asserts that July 13, 1997 was the last day on which the government could collect restitution.[6]

The application of CCP 683.020's limitation period presents what appears to be an issue of first impression. However, the court concludes that the legislature did not intend by the language in 18 U.S.C. § 3579, providing that restitution "may be enforced . . . in the same manner as a judgment in a civil action," and by Rule 69(a)'s adoption of California's execution procedures to set a statute of limitation on the collection of restitution. In the absence of a federal statute expressly imposing or adopting a statute of limitations, the United States is not bound by any state limitations period. *United States v. Thornburg*, 82 F.3d 886, 893 (9th Cir. 1996). In *Miller v. United States*, 160 F.2d 608 (9th Cir. 1947), the court upheld the government's bringing a second suit on a judgment for a criminal fine even though the state time limit for execution on the first judgment had expired. It

---

[6]The stipulation between the government and defendant states that the district court issued a judgment on May 14, 1987 which was entered July 13, 1987.

1  held that the California time limit for execution on a judgment which is utilized for federal

2  judgments under Rule 69(a) is not a statute of limitations on the collection of the judgment.

3  Similarly, in *Smith v. United States*, the court held that a local district court rule relating to

4  executions and making state practice applicable thereto did not preclude collection of a judgment

5  despite state time limitations.  143 F.2d 228 (9th Cir. 1944); *see United States v. Pierce*, 231 B.R.

6  890 (E.D.N.C. 1998) (holding that the United States was not bound pursuant to Rule 69(a) by state

7  statute that prohibited creditors from enforcing judgment against personal property of debtor more

8  than ten years after judgment was rendered); *see also United States v. Jenkins*, 141 F. Supp. 499

9  (S.D. Ga. 1956) (holding that the United States was not subject to state statutes imposing time limits

10  on suits on dormant judgments).

11          The government cites *United States v. Soderling*, 970 F.2d 529 (9th Cir. 1992), as supporting

12  the proposition that an order of restitution made under the VWPA at the time the subject order was

13  imposed is not limited in duration.  The court in *Soderling* made the statement that the defendant's

14  restitution order could be extinguished only by satisfaction and not by the passage of time.  *Id.* at

15  535.  The court further noted that the VWPA did not, at the time, expressly require an order of

16  restitution to be limited in duration.  *Id* at n.12.  The case, however, did not discuss Rule 69(a) and

17  the effect of its authorization of state execution procedures.  Therefore, the only light that *Soderling*

18  sheds on the current issue is the suggestion that restitution orders had no duration limits at the time

19  the subject order was made.

20          The court concludes that CCP § 683.020 does not preclude the reinstatement of the October

21  17, 2001 restitution.  The VWPA did not at the time of defendant's offense limit the time in which it

22  could be enforced.  It further appears that the authorization by way of Rule 69(a) to use California's

23  execution procedures was not intended to limit the collection of federal criminal judgments to ten

24  years but was rather intended to provide creditors with the state procedure for execution.  Finally,

25  the public policy of making defendant's responsible for compensating victims for their losses

26  supports the conclusion that at the time of defendant's offense no time limit was prescribed for

27  collection.

28  //

ORDER REINSTATING THE OCTOBER 17, 2001 RESTITUTION ORDER
CR-86-20083 RMW

1

## III.  ORDER

2      For the foregoing reasons, the court reinstates the October 17, 2001 restitution order.

3

4   DATED:___5/1/07_____                          _____Ronald M Whyte_____
                                                  RONALD M. WHYTE
5                                                 United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

2   **Counsel for plaintiff:**

3   Douglas K. Chang
    Assistant United States Attorney
4   450 Golden Gate Avenue
    San Francisco, CA 94102
5

6   **Counsel for defendant:**

7   Patrick Sullivan
    436 14th Street, Suite 1112
8   Oakland, CA 94612

9

10

11
    Date:     5/1/07                              SPT
12                                                Chambers of Judge Whyte

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER REINSTATING THE OCTOBER 17, 2001 RESTITUTION ORDER
CR-86-20083 RMW
                                11